1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10   CURTIS B FISHER,

11                    Petitioner,

12        v.

13   RON HAYNES,

14                    Respondent.

CASE NO. 3:15-CV-05747-BHS-JRC

ORDER TO STAY THIS PETITION
AND HOLD IT IN ABEYANCE

15

16        Petitioner Curtis B. Fisher filed a 28 U.S.C. § 2254 habeas petition challenging his

17   conviction of second degree murder.  Dkt. 1.  Respondent contends that the petition is barred by

18   the federal statute of limitations.  Dkt. 9. In his reply, petitioner argues that his claim is not time-

19   barred because the United States Supreme Court's decision in *Miller v. Alabama*¸ 132 S.Ct. 2455

20   (2012), effected a later accrual date for the statute of limitations period. Dkt. 11 at 2. Petitioner

21   also contends that *Miller* should be applied retroactively. *Id.* at 3.

22        The Court interprets petitioner's reply to request that the Court stay this matter and hold

23   it in abeyance until the United States Supreme Court has determined whether *Miller* applies

24   retroactively. *See* Dkt. 11.  A case is currently pending before the Supreme Court that is

ORDER - 1

1   addressing this issue. *See Montgomery v. Louisiana,* 135 S. Ct. 1546 (2015). The Court grants

2   petitioner's request to stay this petition and hold it in abeyance. The matter is stayed until June

3   30, 2016.

4                                  **BACKGROUND**

5        In September 1979, petitioner, a juvenile at the age of seventeen, was tried in the Yakima

6   County Superior Court after the juvenile court declined jurisdiction. Dkt. 10, Exhibit 2.

7   Petitioner pled guilty to second degree murder and received a sentence of "not more than life

8   imprisonment." *Id.* at Exhibit 1.

9        It is unclear from the petition and state court record if petitioner received a juvenile

10   sentence without the possibility of parole. The judgment and sentence from 1979 state that

11   petitioner was sentenced for a "period of not more than life imprisonment," but does not state

12   whether petitioner is eligible for parole. Dkt. 10, Exhibit 1.

13                                 **DISCUSSION**

14        On June 25, 2012, the United States Supreme Court issued the decision in *Miller v.*

15   *Alabama*, 132 S. Ct. 2455 (2012), in which it held for the first time, that the mandatory

16   imposition of a life without parole sentence on someone for acts committed as a juvenile violates

17   the Eighth Amendment. Whether *Miller* applies retroactively is currently pending before the

18   United States Supreme Court. *See Montgomery v. Louisiana*, 135 S. Ct. 1546 (2015) (granting

19   certiorari to determine whether *Miller* applies retroactively).

20        In this case, the petition would be timely if petitioner filed the petition within one year of:

21       the date on which the constitutional right asserted was initially recognized by the
        Supreme Court, if the right has been newly recognized by the Supreme Court and

22       made retroactively applicable to cases on collateral review.

23       28 U.S.C. § 2244(d)(1)(C).

24

1    The Court may stay a petition where the stay would be a proper exercise of discretion.

2    *Rhines v. Weber*, 125 S. Ct. 1528, 1534 (2005); *see also Fetterly v. Paskett*, 997 F.2d 1295 (9th

3    Cir. 1993); *Calderon v. United States Dist. Court for Northern Dist. of California*, 144 F.3d 618,

4    620 (9th Cir. 1998); *Anthony v. Cambra*, 236 F.3d 568 (9th Cir. 2000).

5    Petitioner has shown good cause for a stay of this petition.  Petitioner does not know if he

6    is able to obtain habeas corpus relief until the United States Supreme Court determines whether

7    *Miller* applies retroactively. *See* 28 U.S.C. §2254(d)(1). Petitioner's claim has potential merit

8    and there is nothing to show that petitioner has delayed in filing his claim.

9    The Court grants petitioner's request to stay this petition and hold it in abeyance. The

10   matter is stayed until June 30, 2016. Petitioner is ordered to file a status report and, if needed, a

11   motion to extend the stay on or before June 20, 2016 -- ten days before the stay ends. In his

12   status report, petitioner must inform the Court of the status of the Supreme Court's decision in

13   *Montgomery v. Louisiana*, 135 S. Ct. 1546 (2015).

14   Dated this 19th day of January, 2016.

15

16   J. Richard Creatura
     United States Magistrate Judge

17

18

19

20

21

22

23

24