1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

CURTIS B FISHER,

11

Petitioner,

CASE NO. 3:15-CV-05747-BHS-JRC

12

v.

ORDER TO SHOW CAUSE

13

RON HAYNES,

14

Respondent.

15

    The District Court has referred this petition for a writ of habeas corpus to United States

16

Magistrate Judge, J. Richard Creatura. The authority for the referral is 28 U.S.C. § 636(b)(1)(A)

17

and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner seeks relief from a state

18

conviction, thus, the petition is filed pursuant to 28 U.S.C. § 2254.

19

    Petitioner Curtis B. Fisher filed a 28 U.S.C. § 2254 habeas petition challenging his

20

conviction of second degree murder.  Dkt. 1.  Because of the Supreme Court's recent decision in

21

*Montgomery v. Louisiana,* No. 14-280, slip. op., 577 U.S. _____ (Jan. 25, 2016), holding that the

22

ban on mandatory life without parole sentences for juvenile sentences applies retroactively,

23

petitioner's claim is not time-barred as previously argued by respondent, *see* Dkt. 9. However,

24

ORDER - 1

1  the Court orders petitioner to show cause on or before March 1, 2016 why his petition should not

2  be dismissed without prejudice for failure to exhaust.

3  **BACKGROUND**

4  In September 1979, petitioner, a juvenile at the age of seventeen, was tried in the Yakima

5  County Superior Court after the juvenile court declined jurisdiction. Dkt. 10, Exhibit 2.

6  Petitioner pled guilty to second degree murder and received a sentence of "not more than life

7  imprisonment." *Id.* at Exhibit 1.

8  It is unclear from the petition and state court record if petitioner received a juvenile

9  sentence without the possibility of parole. The judgment and sentence from 1979 provide that

10  petitioner was sentenced for a "period of not more than life imprisonment," but does not state

11  whether petitioner is eligible for parole. Dkt. 10, Exhibit 1.

12  Petitioner filed his petition for federal habeas corpus on October 15, 2015. Dkt. 1. On

13  December 8, 2015, respondent filed an answer, arguing that the petition was barred by the

14  federal statute of limitations. Dkt. 9. In his reply, petitioner argued that his claim was not time-

15  barred because the United States Supreme Court's decision in *Miller v. Alabama¸* 132 S.Ct. 2455

16  (2012) (mandatory imposition of a life without parole sentence on someone for acts committed

17  as a juvenile violates the Eighth Amendment) effected a later accrual date for the statute of

18  limitations period. Dkt. 11 at 2. Petitioner also argued that *Miller* should be applied retroactively.

19  *Id.* at 3.

20  On January 19, 2016, the Court ordered that the petition be stayed and held in abeyance

21  until June 30, 2016 pending the United State Supreme Court's decision in *Montgomery v.*

22  *Louisiana,* 135 S. Ct. 1546 (2015).  On January 25, 2016, the Supreme Court held that *Miller*

23

24

1 | applies retroactively to cases on state collateral review. *See Montgomery v. Louisiana*, No. 14-

2 | 280, slip. op., 577 U.S. _____ (Jan. 25, 2016).

3 | **DISCUSSION**

4 | The Court finds that the petition is not time barred as it was filed within one year of:

5 | the date on which the constitutional right asserted was initially recognized by the
Supreme Court, if the right has been newly recognized by the Supreme Court and
6 | made retroactively applicable to cases on collateral review.

7 | 28 U.S.C. § 2244(d)(1)(C). However, petitioner may pursue federal habeas relief only after he

8 | has exhausted his state judicial remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

9 | The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of

10 | habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner can satisfy the exhaustion requirement by

11 | providing the highest state court with a full and fair opportunity to consider all claims before

12 | presenting them to the federal court. *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v.*

13 | *Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985). Full and fair presentation of claims to the state court

14 | requires "full factual development" of the claims in that forum. *Kenney v. Tamayo-Reyes*, 504

15 | U.S. 1, 8 (1992).

16 | As the Supreme Court recently ruled on the retroactivity of *Miller,* petitioner has not yet

17 | filed a collateral attack on his 1979 conviction and sentence in Washington state court. Thus,

18 | petitioner has not fully exhausted his claims in the state appellate courts and his habeas claim is

19 | not yet cognizable in federal court. In order to ensure that his personal restraint petition is timely

20 | and properly filed in Washington state court, petitioner is advised to review the Washington

21 | State Court Rules of Appellate Procedure. *See* RAP 16.3, RAP 16.4, RAP 16.8.

22 |

23 |

24 |

ORDER - 3

1    Petitioner is ordered to show cause on or before March 1, 2016 why his petition should

2  not be dismissed without prejudice. The Court notes that petitioner may re-file a petition for

3  federal habeas corpus, if necessary, after he has exhausted his state court judicial remedies.

4    The Clerk is directed to send a copy of this order to petitioner and counsel for respondent

5  and attach a copy of the Supreme Court's decision in *Montgomery v. Louisiana*.

6    Dated this 28th day of January, 2016.

7

8    J. Richard Creatura
     United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER - 4