UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CURTIS B FISHER,

    Petitioner,

v.

RON HAYNES,

    Respondent.

CASE NO. 3:15-CV-05747-BHS-JRC

ORDER REFERRING MOTION TO CHIEF JUDGE

The District Court has referred this action filed under 28 U.S.C. § 2254 to United States Magistrate Judge, J. Richard Creatura. On May 9, 2016, Petitioner Curtis B. Fisher filed a motion for recusal and to strike all future replies of Respondent ("Motion"). Dkt. 23. Petitioner requests that the undersigned recuse himself and that all future responses by Respondent be stricken. *Id*. at 2. Petitioner challenges a portion of the March 3, 2016 order to file a supplemental answer (Dkt. 18). More specifically, Petitioner objects to the Respondent being permitted to file a reply to Petitioner's response to Respondent's supplemental answer to his Petition. Dkt. 23 at 2. Petitioner asserts that allowing Respondent to file a reply is highly prejudicial and amounts to judicial misconduct. *Id.* After review of the recusal portion of Petitioner's Motion, this judicial officer will not recuse himself and refers this portion of Petitioner's Motion to Chief Judge Martinez pursuant to Local Civil Rule 3(e).

## DISCUSSION

Pursuant to 28 U.S.C. § 455(a), a judge of the United States shall disqualify himself in any proceeding in which his impartiality "might reasonably be questioned." A federal judge also shall disqualify himself in circumstances where he has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1). Pursuant to 28 U.S.C. § 144:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

Under both 28 U.S.C. §144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir.1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir.1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir.1980). In *Liteky v. United States*, 510 U.S. 540 (1994), the United States Supreme Court further explained the narrow basis for recusal:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Id*. at 555. This Court makes rulings in each case based upon the issues presented by the parties and has no personal bias or reason to be partial to one side or the other in this matter. The

decision to allow reply briefing was based on the pleadings presented and was not the result of personal bias or partiality. The undersigned finds no reason to recuse himself voluntarily from this case and declines to do so. Nevertheless, in accordance with 28 U.S.C. § 144 and Local Rules W.D. Wash. 3(e), it is appropriate for this matter to be referred to the Chief Judge of the district for further consideration of petitioner's motion. The portion of Petitioner's Motion requesting that all of Respondent's future replies be stricken is stayed pending resolution of the recusal issue.

## CONCLUSION

There is no reasonable basis for a voluntary recusal in this instance. However, Plaintiff's Motion (recusal portion) shall be referred to the Chief Judge for a determination of its merits. Local Rules W.D. Wash. 3(e). Accordingly, it is hereby **ORDERED** that the undersigned **DECLINES** to recuse voluntarily. Plaintiff's motion for recusal of the undersigned is **REFERRED** to Chief Judge Ricardo Martinez for decision and the Clerk of the Court is directed to place the motion for the recusal of the undersigned on Judge Martinez's motion calendar.

This action and all motions currently pending before the Court are hereby **STAYED** pending resolution of the recusal issue. No further motions shall be filed in this matter until the stay is lifted. Any motion filed while the matter is stayed shall not be considered and shall be dismissed. The Clerk of the Court shall send a copy of this Order to Plaintiff.

Dated this 8th day of June, 2016.

J. Richard Creatura
United States Magistrate Judge