UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CURTIS B. FISHER, | CASE NO. C15-5747BHS-JRC |
| Petitioner, | ORDER ON REVIEW OF REFUSAL TO RECUSE |
| v. | |
| RON HAYNES, | |
| Respondent. | |

This matter comes before the Court on Petitioner Fisher's motion to recuse U.S. Magistrate Judge J. Richard Creatura.  Dkt. #23.  Upon review of the motion, Judge Creatura declined to recuse himself.  Dkt. #25.  In accordance with the Local Rules of this District, Petitioner's motion was referred to the Undersigned for a review of Judge Creatura's refusal to recuse.  LCR 3(e).

It appears that Petitioner has requested the recusal of Judge Creatura because he believes that Judge Creatura's rulings in the above-entitled matter are erroneous; specifically, that the judge allowed the Respondent to file a reply to a responsive pleading of Petitioner's when no reply was permitted.  *See* Dkt. #23 at 2.  Pursuant to 28 U.S.C. § 455(a), a judge of the United

States shall disqualify himself in any proceeding in which his impartiality "might reasonably be questioned." Federal judges also shall disqualify themselves in circumstances where they have a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1).

Under both 28 U.S.C. §144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir.1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir.1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir.1980). In *Liteky v. United States*, 510 U.S. 540 (1994), the United States Supreme Court further explained the narrow basis for recusal:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Id*. at 555.

Petitioner cites no other reason or evidence in support of his position than the rulings of Judge Creatura. If he believes that Judge Creatura's rulings are legally erroneous, he is entitled to ask the Ninth Circuit Court of Appeals to overturn those rulings on any legitimate grounds he can articulate. However, Petitioner is not entitled to recusal on that basis.

A judge's conduct in the context of pending judicial proceedings does not constitute the requisite bias under 28 U.S.C. § 144 or § 455 if it is prompted solely by information that the

judge received in the context of the performance of his duties.  Bias is almost never established simply because the judge issued adverse rulings against a party.

In order to overcome this presumption, Petitioner would have to show that facts outside the record influenced decisions or that the judge's rulings were so irrational that they must be the result of prejudice.  Petitioner does not allege any facts outside the record that improperly influenced the decisions in this matter.  A review of the rulings in this matter reveals no orders that are either outlandish or irrational or in any way give rise to an inference of bias.

The Court finds no evidence upon which to reasonably question Judge Creatura's impartiality and AFFIRMS his denial of Petitioner's request that he recuse himself.

The Clerk SHALL provide copies of this Order to Petitioner and all counsel of record.

Dated this 17th day of June, 2016.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE